Richmond, P. J.,
delivered the opinion of the court.
October 15, 1890, O. Buno & Son, appellants herein, entered into a contract with George M. Gabriel, appellee, and one Perdew in words and figures as follows:
“ Grant, Park Co., Colo.
“ Knoiv all men hy these presents: Whereas, O. Buno & Son do this 15th day of October 1890, lease and deliver into the possession of George Gabriel and Robert Perdew one saw *296 mill for the manufacture of lumber; also three horses and two mules and carts, sleds, and all tools necessary to manufacture said lumber at mill; also blacksmith shop and tools thereunto. Said lumber to be delivered in yard at said mill, for which said O. Buno & Son do agree to pay said Geo. Gabriel and Robt. Perdew five dollars and seventy-five cents per thousand feet. Said Geo. Gabriel and Robt. Perdew do also agree to furnish dinner for each of said Buno & Son’s lumber haulers at mill; said Buno.& Son do also agree to haul and deliver at mill all freight and supplies for said Geo. Gabriel and Robt. Perdew as pay for said dinner. Said Geo. Gabriel and Robt. Perdew do also agree to do such of said O. Buno & Son’s work in blacksmithing and repairing as is within their ability at said shop. Said O. Buno & Son also agree to furnish all necessary supplies for said blacksmith shop.
“ Said Geo. Gabriel and Robt. Perdew do also agree to-use due care and caution with said property. Said property to be delivered to said O. Buno & Son April 15, 1891.
O. Buno & Son,
Per W. Buno.
George M. Gabriel,
R. L. Perdew.
Witnesses:
C. O. Deline,
F. Rutherford.”
Thereafter they had a settlement which resulted in the execution and delivery of a due bill to Gabriel for the sum of two hundred dollars and ninety-six cents, which due bill was the basis of this action.
Proceedings were originally instituted before a justice of the peace where judgment was rendered for plaintiff. Appeal was taken to the county court and upon trial resulted in a judgment in the same sum, for plaintiff, to reverse which this appeal is prosecuted.
During the progress of the trial appellants sought to prove that Gabriel had neglected to comply with the pro *297 visions of the contract, but in their offer they failed to state that all the matters and things which they proposed to prove in order to defeat recovery were not known and fully understood by them at the time the settlement was made and the due bill executed and delivered. This proof was excluded and we think properly so. Defendants also offered to prove that in the course of their business with the plaintiff he had constructed a certain road for which he charged the sum of $140, and that said road did not cost to exceed the sum of $80.00. This offer of proof was excluded.
All that the defendants offered to prove would not constitute a defense to plaintiff’s right of recovery. It is said that Gabriel put in a claim of $140 for building the road, and represented that he had built the road of certain dimensions and of certain length, and that it cost him much time, labor and expense, for which he was allowed $140; that Buno relying on this representation allowed him the sum of $140, hut that upon examination Buno found that the representations were entirely false; that the whole expense and labor for building the road did not amount to more than $30.00. This may be true and still the plaintiff be entitled to recover, as the estimate of the defendants of its probable cost could not in any sense be allowed to establish the compensation which Gabriel was really entitled to recover for his time, services, and expenditures in its construction. The abstract is very meager and wholly insufficient to permit of our considering the matters urged upon our attention upon oral argument.
It occurs to us that in order to have warranted the court in admitting the testimony the defendants were obligated to interpose the defense of a breach of contract and to- show affirmatively, or offer to show, that the due hill was executed by the defendants upon a misrepresentation of facts and against which they were not in a position to guard themselves.
No error appearing in the record warranting a reversal the judgment must he affirmed.

Affirmed.